**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES F TUCKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:22-CV-00423-TES-CHW** |
| | : | |
| **WARDEN LAWRENCE** | : | |
| **WHITTINGTON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| ———————————————— | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Charles F. Tucker, an inmate currently housed at the Coffee Correctional Facility in Nicholls, Georgia, has paid the required partial filing fee in this action.   Plaintiff's claims are now ripe for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e), seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).   Having conducted such screening, the Court finds that Plaintiff's Eighth Amendment deliberate indifference to safety claims against Defendant Whittington shall proceed for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.    Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee.   *See* 28 U.S.C. § 1915A(a).   Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes

apply in this case, and the standard of review is the same.   When conducting preliminary

screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X*

*v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by*

*Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir.

2003).   *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed.'"   *Hughes*,

350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C.

§1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"   *Miller*

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   The Court may

dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims

whose factual contentions are clearly baseless.'"   *Id.* (citation omitted).   A complaint fails

to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations

in a complaint "must be enough to raise a right to relief above the speculative level" and

cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"   *Twombly*,

550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations

Plaintiff's claims arise from his prior detention at the Wilcox State Prison ("WSP") beginning in July of 2022.   Compl. 5, ECF No. 1.   Plaintiff contends he was assaulted in dorm J-2 after he was denied protective custody because other inmates had placed a "hit" on Plaintiff.   Attach. 1 to Compl. 2, ECF No. 1-1.   Plaintiff suffered severe injuries in this attack, including a fractured eye socket and a detached retina.   *Id.* at 2-3.   Plaintiff contends that this attack was due to the fact that "COVID-19 has left Wilcox State Prison severely understaffed, resulting in inmates being left unsupervised after business hours on the weekdays, weekends, and holidays."   *Id.*   He further contends that inmates in dorms J-1 and J-2 are able to "stuff their door locks with toilet paper or other items, preventing

their cells from locking and allowing them to get out and move around after hours when officers are not present." *Id.* This lack of supervision also allows inmates to break the sinks off their walls, giving them access to the utility closets and ultimately the prison at large. *Id.* Plaintiff additionally claims that the inmates who are "roam[ing] around" are often gang members who will "sneak out of their assigned buildings to come to J-1 and bring [other gang members] contraband or threaten other inmates who are suppose[d] to have 'hits' on their lives." *Id.* Plaintiff states there have "been multiple stabbings in J-1 due to cellmates finding out that their cellmate has a hit on them, which resulted in hospitalization by use of helicopter or ambulance." *Id.* In addition to the danger posed by these inmates, Plaintiff also contends that "the lack of supervision also poses a threat to the safety of inmates who have been diagnosed with COVID-19 or other health issues." *Id.* at 4. Plaintiff thus contends the conditions at WSP thus violate his constitutional rights, and as a result he seeks declaratory and injunctive relief, compensatory and punitive damages, costs, a jury trial, and "[a]ny additional relief this court deems just, proper, and equitable." *Id.* at 5.

### III.   Plaintiff's Claims

A.  Claims against WSP

As an initial matter, Plaintiff appears to name the prison itself as a Defendant in this action. *See* Compl. 1, ECF No. 1. WSP, however, is not an entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this

issue.   The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).   WSP does not fall under any of these categories, and thus, is not an entity that may be sued under § 1983.   *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").   Plaintiff's claims against WSP should therefore be dismissed.

### B. Claims against Defendant Whittington

Plaintiff's Complaint primarily gives rise to a claim that Defendant Whittington, the WSP warden, was deliberately indifferent to his safety at WSP.   This type of claim is generally cognizable under the Eighth Amendment to the United States Constitution.   *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.   *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).   To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that

risk. *Id.* at 1332. The subjective component of deliberate indifference requires a prisoner to allege facts showing that a prison official had "'more than a generalized awareness of risk'" to the prisoner. *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)). The inmate can do this by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)). The objective prong requires the prisoner to allege facts establishing that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Id.* (internal quotation marks omitted).

It is well-settled in the Eleventh Circuit that a supervisory official like Defendant Whittington is not liable under § 1983 for the unconstitutional acts of his subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*   "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."   *Id.* (internal quotation marks omitted).

In this case, Plaintiff has alleged facts showing that Defendant Whittington regularly allows inmates in the segregation unit to remain unsupervised for extended periods of time. Attach. 1 to Compl. 4, ECF No. 1-1.   Plaintiff has also alleged that inmates take advantage of the lack of supervision to perpetrate additional crimes, recounts several specific incidents where inmates were assaulted by inmates who had escaped from their cells, and asserts he was assaulted and seriously injured.   These allegations are sufficient to permit Plaintiff's Eighth Amendment deliberate indifference to safety claims to proceed against Defendant Whittington.

On the other hand, Plaintiff's contention that the lack of supervision poses a threat to inmates who have health issues does not contain any factual support whatsoever.   As noted above, a complaint must contain "sufficient factual matter" to show the existence of a plausible claim.   *Iqbal*, 556 U.S. at 678.   Plaintiff has therefore failed to state an actionable claim regarding the alleged effect of understaffing on prisoners' health issues, and any such claim Plaintiff intended to raise should be dismissed without prejudice.

IV.    **Conclusion**

For the foregoing reasons, Plaintiff's Eighth Amendment deliberate indifference to safety claims against Defendant Whittington shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Whittington, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of

expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 16th day of February, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11